```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


Patrick James Durn,                :     CIVIL ACTION
          Petitioner               :
                                   :
     v.                            :
                                   :
Gerald L. Rozum, et al.,           :
          Respondents              :     NO. 07-1725
```

MEMORANDUM OPINION

Fullam, Sr. J.                                       October 9, 2007

United States Magistrate Judge Carol Sandra Moore Wells, to whom this habeas corpus case was referred, has filed a comprehensive report recommending that the petitioner be allowed to pursue a direct appeal. The respondents have filed objections.

The petitioner did not file a direct appeal, a failing that the petitioner attributes to ineffective assistance of counsel. The Magistrate Judge correctly found error in the state court's failure to apply the standard articulated in Roe v. Flores-Ortega, 528 U.S. 470 (2000), where the Supreme Court held that an attorney must consult his client about a direct appeal when a rational defendant would want to appeal **or** when the particular defendant has demonstrated an interest in appealing. Id. at 470. The state courts, reviewing the petitioner's collateral appeal, applied a different test: whether the defendant proved that he requested an appeal and counsel disregarded the request. The

Court of Appeals has rejected this test as incompatible with Flores-Ortega.  See Harrington v. Gillis, 456 F.3d 118, 126 (3d Cir. 2006).

For purposes of habeas review, Magistrate Judge Wells assumed, as the Pennsylvania courts determined, that the petitioner never instructed counsel to file an appeal.  However, because a rational defendant would have wanted to appeal (there were several non-frivolous grounds for appeal), counsel was ineffective for failing to consult with his client during the appeal period about whether to file an appeal.  Had the petitioner been properly advised, there is a reasonable probability he would have appealed, and thus the petitioner was prejudiced.

The respondents object to the Report and Recommendation, arguing that the Pennsylvania Superior Court followed the dictates of Flores-Ortega and that in any event, the petitioner here specifically stated that he did not want to appeal and signed a document to that effect.  The record shows otherwise.

The PCRA court applied the wrong standard, holding that "[t]he burden lies with Defendant to plead and prove that his request for an appeal was ignored or rejected by counsel."  PCRA Court opinion of 12/21/2005 at 6. The Superior Court upheld this determination.  Superior Court opinion of 8/29/2006 at 4-5.

The Magistrate Judge correctly found that the petitioner did not execute a waiver of appeal until after the appeal period had expired; counsel met with the petitioner only after the Commonwealth appealed from the denial of a Megan's Law evaluation.  There is also no evidence that counsel ever discussed with the petitioner any grounds for appeal of the conviction and sentence.

The respondents contend that the petitioner knew of his appeal rights because the trial court informed the petitioner at sentencing of his right to appeal, and advised him that if his counsel was not going to represent him he should contact the Office of Public Defender to obtain new counsel.  This misses the key requirement of <u>Flores-Ortega</u> -- the obligation of counsel to consult with his client.  The trial court has the duty to inform a defendant of the right of appeal, but where there are non-frivolous grounds for appeal, counsel has a duty to "advis[e] the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes."  <u>Flores-Ortega</u>, 528 U.S. at 478.  Counsel's failure to do so here in a timely fashion was constitutionally deficient.

An order will be entered.